19 F.3d 1442
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Carroll Dean WILLIAMS, Plaintiff-Appellant,
v.
CITY OF AGOURA HILLS, et al., Defendants-Appellees.
 No. 93-56429.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 8, 1994.*
Decided March 23, 1994.
 
 Before: FLETCHER, BRUNETTI and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Carroll Dean Williams appeals pro se from the district court's dismissal of his action as frivolous pursuant to 28 U.S.C. Sec. 1915(d). We have jurisdiction pursuant to 28 U.S.C. Sec. 1291, and we affirm.
 
 
 3
 This court reviews the dismissal of a complaint pursuant to 28 U.S.C. Sec. 1915(d) for an abuse of discretion. See Denton v. Hernandez, 112 S.Ct. 1728, 1734 (1992). A complaint is frivolous for purposes of dismissal under section 1915(d) where it lacks an arguable basis in law or fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989).
 
 
 4
 Appellant's complaint and first amended complaint were dismissed as unintelligible with directions to amend to state a claim in clear and concise language. Appellant's second amended complaint was dismissed with prejudice because it lacked any arguable basis in law or fact.
 
 
 5
 Appellant alleged that various private attorneys and grocery store employees (the private defendants) conspired to submit false testimony and documents in a prior civil lawsuit, and that various city officials and police officers (the public defendants) conspired to refuse to accept appellant's crime report regarding the alleged perjury.
 
 
 6
 The district court did not abuse its discretion in holding that the complaint against the private defendants lacked any arguable basis in law. See Dennis v. Sparks, 449 U.S. 24, 27-28 (1980) (plaintiff bringing Sec. 1983 action must allege facts supporting claim that defendants acted under color of state law); Burns v. County of King, 883 F.2d 819, 821-22 (9th Cir.1989) (defendants in Sec. 1983 action are absolutely immune from liability for live and written testimony given in prior judicial proceedings).
 
 
 7
 Similarly, the district court did not abuse its discretion in holding that the complaint against the public officials failed to state a constitutional violation. See Bordenkircher v. Hayes, 434 U.S. 357, 364, reh. den., 435 U.S. 918 (1978) (exercise of prosecutorial discretion does not form basis for claim of constitutional violation).
 
 
 8
 Because we find that the district court did not abuse its discretion in dismissing the complaint pursuant to 28 U.S.C. Sec. 1915(d), we affirm the judgment of the district court.
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3